```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

DAN MEDINA,                    )
                               )
          Plaintiff,           )
                               )
     v.                        )     No.  05cv30119-RGS
                               )
JOSEPH L. TAURO, et al.        )
                               )
          Defendants.          )
        .                      )
```

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

The defendant, Joseph L. Tauro, United States District Judge, submits this memorandum of law in support of his motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.

### STATEMENT OF FACTS

The complaint, filed against United States District Judge Joseph L. Tauro and Hampden County Assistant Clerk Laura Gentile, alleges a virtually incomprehensible array of complaints.[1] Quoting from the complaint, the plaintiff alleges:

> Defendants Tauro is suppost stands for
> justice He didnt, he allow the cover up of
> the Boston F.B.I. from be exposed in court.
> He been denial me from properly present in

---

[1] The action initially was filed in the state housing court, small claims session, in Springfield, Massachusetts, along with three other lawsuits naming federal and state defendants and a number of other lawsuits naming state defendants only. The complaints naming federal defendants were removed to this court and now bear the following captions: United States v. Tauro, 05-30119-RGS; United States v. Gonzales, 05-30121-MLW; United States v. Wolf, 05-30118; and United States v. Mueller, 05-30120.

>court and exposed the worst case of miscarrie
>of justice and cover up in United history
>engaged the Boston F.B.I. John Connolly, and
>New England mobster informants judge
>prosecuted corrupt. I challenge Mr. Tauro in
>court to exposed the system of justice of
>United States.  Also request for my cost.
>cost.

## ARGUMENT

I.   **THE STANDARD APPLICABLE TO DISMISSAL**

In deciding a motion to dismiss, the court must accept the allegations of the complaint as true, viewing the alleged facts in the light most favorable to the plaintiff. Hughes v. Rowe, 449 U.S. 5, 10 (1980).  The complaint may be dismissed only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Harper v. Cserr, 544 F.2d 1121, 1122 (1st Cir. 1976).  However, conclusory, vague or general allegations are insufficient. See, e.g., Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982); Kadar Corp. v. Milbury, 549 F.2d 230, 233 (1st Cir. 1977).  Therefore, dismissal is appropriate where a complaint appears to state only frivolous or wholly insubstantial claims. Parratt v. Taylor, 451 U.S. 527, 532 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).

II.  **The Court Lacks Subject Matter Jurisdiction**

The complaint should be dismissed for a lack of subject matter jurisdiction because the plaintiff has not and cannot

identify an applicable waiver of sovereign immunity. No action lies against the United States or its employees unless Congress has authorized it. See Hercules, Inc. v. United States, 516 U.S. 417, 422 (1996); United States v. Testan, 424 U.S. 392, 399 (1976). A court has subject matter jurisdiction over claims against the United States only where there is a grant of jurisdiction over the subject area itself and a valid waiver of sovereign immunity. Massachusetts v. Departmental Grant Appeals Board, 815 F.2d 778, 785 (1st Cir. 1987); Armor Elevator Co. v. Phoenix Urban Corp., 493 F. Supp. 876, 889 (D. Mass. 1980).

"[T]he party claiming that a court has the power to grant the relief in his behalf has the burden of persuasion on the jurisdictional issue." Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 612 n.28 (1979). While the court is obliged to construe a pro se plaintiff's pleadings liberally, "pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). "The Constitution does not require judges--or agencies, for that matter--to take up the slack when a party elects to represent himself." Eagle Eye Fishing Corp. v. U.S. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994).

Even the most liberal reading of the complaint against Judge Tauro fails to reveal any facts that would support jurisdiction. Therefore, the action must be dismissed.[2]

### III. Any Individual Capacity Complaints Should Be Dismissed

To the extent the plaintiff asserts constitutional claims against Judge Tauro in his individual capacity, the complaint similarly fails because Judge Tauro is absolutely immune from liability.

"The immunity of judges for acts within the judicial role is . . . well established." Pierson v. Ray, 386 U.S. 547, 554 (1967). Absolute immunity applies even when a judge's action "was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal citation omitted). See also Mireles v. Waco, 502 U.S. 9 (1991); Christensen v. Ward, 916 F.2d 1462 (10th Cir. 1990).

Judicial immunity is necessary to keep the judicial process free from harassment and intimidation, protecting judicial independence by insulating judges from "vexatious actions prosecuted by disgruntled litigants." Forrester v. White, 484

---

[2]To the extent the plaintiff alleges a tort, the action must be dismissed because the plaintiff failed to file the requisite administrative claim under the Federal Tort Claims Act ("FTCA"). The FTCA immunizes federal employees from lawsuits based on actions taken within the scope of their employment. Aversa v. United States, 99 F.3d 1200, 1207 (1st Cir. 1996).

U.S. 219, 225-226 (1988).  See also Williams v. United States, 156 F.3d 86, 92 (1st Cir. 1998) ("absolute judicial immunity is rooted in concerns about preserving judicial independence, effectiveness and frankness."); Overton v Torruella, 183 F.Supp.2d 295, 305 (D. Mass. 2001) (civil RICO remedy not available against judges who are protected by judicial immunity).

Although the plaintiff's allegations are vague and conclusory, it is clear they center on actions that are judicial in nature and within the scope of Judge Tauro's jurisdiction. Since Judge Tauro is absolutely immune from suit based on his judicial actions, the court should dismiss the complaint. See, e.g., Mireles, 502 U.S. 9; Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986).

**IV. The Complaint Fails To Satisfy Rule 8 and is Frivolous**

The complaint also should be dismissed because it fails to satisfy Fed. R. Civ. P. 8(a)(2) and is otherwise insubstantial and frivolous.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Even pro se plaintiffs must comply.  See Chongris v. Board of Appeals, 811 F.2d, 36, 37 (1st Cir. 1987).  The purpose of notice pleading is to facilitate a proper decision on the merits. Boston & Maine Corp. v. Hampton, 987 F.2d 855, 865 (1st Cir. 1993)(citing Conley v. Gibson, 355 U.S. 41, 48 (1957)).  A complaint must provide

"fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. Fair notice is notice that allows defendants to identify the claim against them and defenses applicable to it, to answer and prepare for trial. See Brown v. Califano, 75 F.R.D. 497, 498-9 (D. D.C. 1977). In addition to promoting fairness, the notice pleading requirement combats the rising costs of litigation by "requiring some specificity before permitting a claimant 'to drag a defendant past the pleading threshold.'" Boston & Maine Corp., 987 F.2d at 865 (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). The plaintiff's complaint fails to meet even the minimal pleading threshold of Rule 8.

Moreover, the complaint should be dismissed because the claims are "factually frivolous." Denton v. Hernandez, 504 U.S. 25 (1992). A frivolous action is one that "lacks an arguable basis in law or in fact, one that contains either "inarguable" legal conclusions or "clearly baseless," "fanciful," or "delusional" factual allegations. Nietze v. Williams, 490 U.S. 319, 325 n.6 (1989); Bell v. Hood, 327 U.S. 678, 683 (1946). See also Wyatt v. Boston, 35 F.3d 13, 15 (1st Cir. 1994) (dismissal is warranted if it is "patently obvious" that plaintiff could not prevail). Even a pro se plaintiff must set forth "factual allegations . . . respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).

The instant lawsuit fails to allege either facts or an actionable legal theory.  Therefore, the complaint fails to state a claim and must be dismissed.  See Siegert v. Gilley, 500 U.S. 226, 232 (1991)(insubstantial lawsuits against the government should be quickly terminated "to ensure that federal officials are not harassed by frivolous lawsuits.").

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the court dismiss the complaint.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: June 10, 2005                By:    /s/Karen L. Goodwin
                                    _____
                                    KAREN L. GOODWIN
                                    Assistant U.S. Attorney
                                    1550 Main Street
                                    Springfield, MA 01103
                                    (413) 785-0235

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Dan Medina
P.O. Box 100
S. Walpole, MA 02071

Christopher O. Quaye
Administrative Attorney
Commonwealth of Massachusetts
Administrative Office of the Trial Courts
Two Center Plaza
Boston, MA 02108

/s/Karen L. Goodwin
_____
Karen L. Goodwin
Assistant U.S. Attorney