UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

No.05-30119-REGS

DAN MEDINA,
                Plaintiff,

v.

JOSEPH L. TAURO, United States District Judge,
and LAURA GENTILE, Assistant Clerk of the
Hampden Superior Court,

                Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LAURA GENTILE'S MOTION TO DISMISS COMPLAINT**

Laura Gentile ("Ms. Gentile or State defendant") submits this memorandum of law in support of her motion to dismiss Complaint for, inter alia, lack of jurisdiction, sovereign and/or judicial immunity, and failure to state a claim upon which relief could issue.

**BACKGROUND**

Mr. Medina, who has not previously filed a presentment notice[1] of negligence by the Commonwealth and/or its employees, filed several vague and incomprehensible small claims actions in the Hampden Housing Court (wrong Small Claims Court) against Ms. Gentile, four federal officials, and several private individuals, without indicating with clarity and specificity what, if any, wrong Ms. Gentile has done to him. This Complaint (Medina v. Tauro et al.) and three others involving federal officials have been removed to this Court, captioned Medina v.

---

[1] See attached Affidavit from Ann Archer, Administrative Attorney for the Administrative Office of the Trial Court. Exhibit 1.

Wolf and Gentile; U.S. District Court No. 05-30118; Medina v. Gonzales and Gentile, U.S. District Court No. 05-30121-MLW; and Medina v. Mueller and Gentile, No. 05-30120.[2] To the extent the Complaint, Medina v. Tauro et al., could be read and understood, Mr. Medina, without any assertion, let alone substantiation, of any wrong done to him by Ms. Gentile, stated as follows:

> Defendants Tauro Is suppost stands for justice He did'nt, He allow the cover up of the Boston F.B.I from be exposed in court He been denial me from properly present in court. And Exposed the worst case of miscarriage of justice And cover up in United Histry Engaged the Boston F.B.I. John Connolly, n And New England Modster informants? Judge prosecuted corrup. I challenge Mr. Tauro in court to Expose thy system of Justice of United States. Also request for my cost.

Exhibit 3.

## ARGUMENT

**THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF JURISDICTION; JUDICIAL AND/OR SOVEREIGN IMMUNITY; AND FAILURE TO STATE A CLAIM.**

The Court should allow Ms. Gentile's motion and dismiss Mr. Medina's Complaint for, at least, three separate reasons, to wit, lack of subject matter jurisdiction; sovereign and/or judicial immunity; and failure to state a claim upon which he could be granted relief.

**I.    STANDARD OF REVIEW FOR MOTIONS TO DISMISS**

In deciding whether to allow a motion to dismiss, the court must accept the allegations in

---

[2] Prior to removal of these cases from the Hampden Housing Court, Ms. Gentile filed a motion to dismiss them and several others that did not involve federal officers. (Copy is attached at Exhibit 2). In addition to the present motion to dismiss, Ms. Gentile is filing simultaneously herewith three separate motions to dismiss the complaints against her in Medina v. Gonzales et al., Medina v. Mueller et al, and Medina v. Wolf et al.

the Complaint as true and indulge every reasonable inference in favor of the plaintiff. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Langadinos v. American Airlines, Inc., 199 F. 3d 68, 69 (1st. Cir. 2000). To survive such a motion, the Complaint must set forth "factual allegations, either direct or inferential, respecting each element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Co., 851 F. 2d 513, 515 (1st. Cir. 1988).

The Complaint may be dismissed only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1997). The Court need not, however, credit "bald assertions, periphrasatic circumlocutions, unsubstantiated conclusions, or outright vituperation." Correa-Martinez v. Arrillaga-Belendez, 903 F. 2d. 49, 52 (1st. Cir. 1990); Chongris v. Board of Appeals, 811 F. 2d 36, 37 (1st. Cir. 1987) (courts must "eschew any reliance on bald assertions, unsupported conclusions, and opprobrious epithet), cert denied 483 U.S. 1021 (1978). Instead, it may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters to which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) affirmed, 248 F. 3d 1127 (1st Cir. 2000).

Dismissal is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." Judge v. City of Lowell, 160 F. 3d. 67, 72 (1st. Cir. 1998), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Stated another way, dismissal is warranted where, as here, a complaint appears to state only frivolous or wholly insubstantial claims. Parratt v. Taylor, 451 U.S. 527, 532 (1981), overruled on other grounds; Daniels v. Williams, 474 U.S. 327 (1986). Cf. Pavilonis v. King, 626 F. 2d

3

1075 (1980) (affirming dismissal of "hopelessly general" complaints that could not give notice of plaintiff's claims; enjoining plaintiff from filing any lawsuit in federal district court; and prohibiting the clerk of court from accepting for filing any papers submitted by plaintiff without authorization of the district judge).

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION,[3] AND THE ACTION AGAINST MS. GENTILE IS BARRED BY SOVEREIGN & JUDICIAL IMMUNITY.

It is noteworthy that there is nothing in Mr. Medina's case that remotely implicates federal subject matter jurisdiction, at least relative to Ms. Gentile, as required by 28 U.S.C. § 1331, as no federal question is presented. Cf. Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 612 n. 28 (1979)("[T]he party claiming that a court has the power to grant the relief in his behalf has the burden of persuasion on the jurisdictional issue.") Although courts are obliged to evaluate pro se pleadings liberally, "pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F. 3d 886, 890 (1st.

---

[3] Due to the Complaint's abysmally poor crafting, it is not clear whether the action against Ms. Gentile emanated from a state court's decision. If it did, other grounds for dismissal would be implicated as well. These include the Doctrine created by Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1023) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 486 (1983) that the "lower federal courts have no power whatever to sit in direct review of state court decisions. Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970). Accord; Henry v. Connolly, 910 F. 2d 1000, 1002 (1st. Cir. 1990). See also Wil v. Michigan State Police Dept., 491 U.S. 58, 65-66 (1989) (neither state nor its official is a "person" subject to liability in a section 1983 damages action); Gean v. Hattaway, 330 P. 3d 758, 766 (6th Cir. 2003) (finding no need for sovereign immunity analysis as named defendants in their official capacities were not persons under section 1983). Younger v. Harris, 401 U.S. 37, 44 (1971) (requiring federal court's abstention from on-going cases in state courts). Significantly, although Younger involved a criminal proceeding, its abstention doctrine has been applied in non-criminal proceedings as well. See Middlesex County Ethics Commission v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982); Moore v. Sims, 442 U.S. 415 (1979).

4

Cir. 1997); Gloros v. Perse, 628 F. 2d 679, 684 (1st Cir. 1980) (although pro-se complaints are read liberally, even pro se plaintiffs must plead specific facts to back their claims). Eagle Eye Fishing Corp v. U.S. Department of Commerce, 20 F. 3d. 503, 506 (1st Cir. 1994) ("The Constitution does not require judges– or agencies, for that matter-- to take up the slack when a party elects to represent himself). See also the Commonwealth's Tort Claims Act, which like the federal counterpart, requires the filing of a presentment, an act that is deemed a jurisdictional prerequisite. Krasnow v. Allen, 29 Mass. App. Ct. 562 (1990) (presentment requirement under the Tort Claims Act is a condition precedent to bringing a suit), rev. denied, 409 Mass. 1102. Antonio v. City of Peabody, 51 Mass. App. Ct. 655 (2001).

The Eleventh Amendment precludes a state from being sued by a private citizen without its consent in federal courts, Penhurst State School and Hosp. v. Halderman, 465 U.S. 89, 98 (1984), or proper abrogation of the state's sovereign immunity by Congress. Tennessee v. Lane, 124 S. Ct. 1978, 1994 (2004), citing Trustees of the University of Alabama v. Garret, 532 U.S. 356, 363 (2001); Kimel v. Florida Bd of Regents, 528 U.S. 62, 72-73 (2000) (other citations omitted). A suit against state agencies and individual state officials in their official capacities is the equivalent of a suit against the state and, a fortiori, is barred by the Eleventh Amendment, even if the State is not itself named as a defendant. Penhurst, 465 U.S. at 101-02, 109 n. 17. More specifically, where as here, Mr. Medina brought his action against Ms. Gentile as the Assistant Clerk of the Hampden Superior Court and there has been no abrogation of the state's immunity regarding the claims proffered, the action is barred by the Eleventh Amendment "regardless of whether it seeks damages or injunctive relief." Id. at 121. The Supreme Court's Opinion reads, in part:

5

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlay the Eleventh Amendment.

Id. at 106. See also Papsam v. Allain, 478 U.S. 265, 277 (1986) (same). Accordingly, Mr. Medina's action against Ms. Gentile should be dismissed both under the Eleventh Amendment's proscription. and for failure to make a cognizable federal claim.

Nor can the bar to suit be side-stepped by the Commonwealth's Tort Claims Act, G.L. c. 258, § 1, under which the State consented to being sued for certain types of common law tort actions. Frankly, c. 258, by its terms, waived the Commonwealth's immunity only with respect to claims properly commenced in state courts. Irwin v. Commissioner of Dept. of Youth Services, 448 N.E. 2d. 721, 724 (Mass. 1983) (holding that c.258 only waives sovereign immunity for a claim brought in state courts). See also Penhurst, 465 U.S. at 99. n. 9 ("the Court consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts"); Caisse v. DuBois, 346 F. 3d 213, 218 (1st Cir. 2003) ("By enacting the [Tort Claims Act], the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court."), citing Rivera v. Massachusetts, 16 F. Supp. 2d 84, 87-88 (D. Mass. 1998).

Even where the state has effectively waived its sovereign immunity, which it has not in this instance, it is axiomatic that judicial officers, including judges and clerks, acting within the scope of their duties, are absolutely immune from litigation. See Temple v. Marlborough Div. of the District Court, 395 Mass. 117, 129-32 (1985) ("doctrine insulates the judge from liability

6

for acts committed in the exercise of his jurisdiction"), citing Pierson v. Ray, 386 U.S. 549, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 357 (1978), other citations omitted. Williams v. United States, 156 F. 3d 86, 92 (1st Cir. 1998) ("absolute judicial immunity is rooted in concerns about preserving judicial independence, effectiveness and frankness.") Cf. Forrester v. White, 484 U.S. 219, 225-26 (1988). The immunity is from suit and not just from ultimate assessment of damages. Fabre v. Walton, 436 Mass. 517, 521 (2002) ([t]he "entitlement is an immunity from suit rather than a mere defense to liability; and . . . it is effectively lost if a case is permitted to go to trial") (emphasis added), citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "The right to immunity to suit would be lost forever" if litigation proceeds until its conclusion. Braun v. Dartmouth, 428 Mass. 684, 688 (1999). The immunity is vitiated only where the judge or judicial officer acts in a non-judicial context, or in a clear absence of authority. Mirales v. Waco, 502 U.S. 9, 11 (1991); Pierson, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly.") Although Mr. Medina's assertions are vague, unintelligible, and conclusory, they seem to include Ms. Gentile as a judicial official. Accordingly, as such officials are accorded judicial immunity for their official acts, the action should be dismissed on judicial immunity grounds too.

### III.  MR. MEDINA HAS FAILED TO STATE A CLAIM

Even if Mr. Medina's action were treated as an action brought against the state defendant in her personal capacity, it should still fail for failure to state a claim. Under the Commonwealth's Tort Claims Act, individual public employees are not liable "for any injury or loss of property . . . caused by [their] negligent or wrongful act or omission while acting within the scope of [their] office or employment." G.L. c. 258, § 2. The exclusive remedy for such a loss or injury is a suit

7

against the relevant "public employer" not the individual public employee. Id. See also Breault v. Chairman of Bd. of Fire Comm'rs, 513 N.E. 2d. 1277, 1283 (1987) (The MTCA "absolved public employees from liability for their negligent acts performed within the scope of official duties"), cert denied, 485 U.S. 906 (1988). Cf. Aversa v. United States, 99 F. 3d. 1200, 1207 (1st. Cir. 1996) (under the Federal Tort Claims Act, federal employees are immune from lawsuits based on actions taken pursuant to their duties)

Not only does the Complaint fail to state a claim insofar as it names the state employee as the state defendant, but it is insufficient for any purpose because, in addition to its vagueness, frivolity, lack of clarity and specificity, it totally fails to allege any wrongdoing on the part of the defendant. See Fed. R. Civ. P. 12(b)(6). Siegert v. Gilley, 500 U.S. 266, 232 (1991) (insubstantial lawsuits against the government should be quickly terminated to ensure that govenment officials are not harassed by frivolous lawsuits); Denton v. Henandez, 504 U.S. 25 (1992) (a court may dismiss a complaint on its own motion when the allegations are "irrational"). A frivolous actions is one that "lacks an arguable basis in law or in fact, one that contains either "inarguable" legal conclusions or "clearly baseless", "fanciful", or "delusional" factual allegations. Garlington v. Haley, Civil Action 00-0019-RVM (S.D. Ala. 2001) ("a claim may be dismissed as 'frivolous where it lacks an arguable basis in law or fact.' . . . . A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, . . . the claim seeks to enforce a right which clearly does not exist . . ., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, . . . Judges are accorded 'not only the authority to dismiss [as frivolous] a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss claims whose factual contentions are clearly baseless'"), citing Nietzke v. Williams, 490 U.S. 325, 327 (1989); other citations omitted; Wyatt

8

v. Boston, 35 F. 3d 13, 15 (1ˢᵗ. Cir. 1994) (dismissal is warranted if it is "patently obvious" that plaintiff could not prevail). Cf. Lolos v. Berlin, 338 Mass. 10, 14 (1958) ("the right of a party to have the court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority). Even a pro se plaintiff must set forth "factual allegations . . . respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley, 851 F. 2d 515.

Here Mr. Medina has totally failed to allege any intelligible claim, let alone any wrongdoing, or act by Ms. Gentile. Accordingly, the complaint against Ms. Gentile is frivolous and should be dismissed quickly for this reason too.

## CONCLUSION

For any and all of the foregoing reasons, the Court should dismiss Mr. Medina's action.

Respectfully submitted,

LAURA GENTILE,
Assistant Clerk of the Hampden Superior Court

By her attorney,

/S/ *Christopher Quaye*

Date: June 13, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney
Administrative Office of the Trial Court
Two Center Plaza, Room 540
Boston, MA 02108

(617) 878-0207

*permission given by Atty Quaye on 6/13/05*

9

Exhibit A

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                              HOUSING COURT
                                          (Small Claims Session)
                                          C.A. No.05-SC-0122

---

DAN MEDINA,
                    Plaintiff,
         v.

LAURA GENTILE, Assistant Clerk of the
Hampden Superior Court, and KTV, INC.

                    Defendants.

---

### AFFIDAVIT OF ANN ARCHER

I, Ann Archer, hereby depose and say that:

1. I am an Administrative Attorney of the Legal Department of the Administrative Office of the Trial Court and keeper of the records of claims against the Trial Court made pursuant to G.L. c. 258;

2. The Chief Justice for Administration and Management is statutorily authorized by G.L. C. 258 to receive presentment of tort claims against the Trial Court;

B. It is standard procedure in the Administrative Office of the Trial Court that presentment letters for claims against the Trial Court pursuant to G.L. c. 258 are forwarded to my attention;

C. I have caused a search to be made of the files of this office and, to the best of my knowledge, no written presentment of the claim, which is the subject of the above-entitled action, has been received by this office.

Signed under the pains and penalties of perjury on the 27 day of April, 2005.

/s/ A. Archer
Ann Archer
Administrative Attorney
Administrative Office of the Trial Court
2 Center Plaza, Room 540
Boston, MA. 02108
(617) 878 0220

## CERTIFICATE OF SERVICE

I, Christopher O. Quaye, Administrative Attorney at the Administrative Office of the Trial Court, hereby certify that I have on this day, April 27, 2005-served the within State Defendant's Motion to Dismiss Complaint upon plaintiff by causing a copies to be mailed first class, postage prepaid to:

Dan Medina
P. O. Box 100
South Walpole, MA. 022071

Dan Medina
807 Cushing Road
Warren, MA 04864

Date: April 27, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney

COMMONWEALTH OF MASSACHUSETTS

EXHIBIT 2

HAMPDEN, ss.

HOUSING COURT
(Small Claims Session)
C.A. No.05-SC-0122

DAN MEDINA,
               Plaintiff,

v.

LAURA GENTILE, Assistant Clerk of the Hampden Superior Court, and KTV, INC.

               Defendants.

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Mass. R. Civ. P. 12(b)(1), 12(b)(6), and the Commonwealth's Tort Claims Act, G.L. c. 258, §§ 3 and 4, defendant, Laura Gentile, as she is Assistant Clerk of the Hampden Superior Court ("Ms. Gentile" or "state defendant") hereby moves to dismiss the Complaint recently filed against him by plaintiff Dan Medina ("Mr. Medina"). As grounds for her motion, Ms. Gentile states that (1) the action is barred by the doctrine of judicial immunity; (2) the Court lacks jurisdiction; and (3) Mr. Medina has failed to state a claim upon which he could be granted relief.

### BACKGROUND

Mr. Medina, who has not previously filed a presentment notice[1] of negligence by the

---

[1] See attached Affidavit from Ann Archer, Administrative Attorney for the Administrative Office of the Trial Court. Exhibit A.



Commonwealth and/or its employees, filed an incomprehensible small claims[2] action in the Housing Court (wrong Small Claims Court) against Ms. Gentile, without indicating with clarity and specificity what, if any, wrong Ms. Gentile has done to him. To the extent the suit is treated as having been brought against the state defendant in her official capacity, it should be dismissed on the basis of judicial immunity (which covers both justices and clerks); lack of jurisdiction; and failure to state a claim upon which relief could be granted. See Mass. R. Civ. P. 12(b)(1), 12(b)(6), and G.L. c. 258, §§ 3 & 4. To the extent that the action is treated as having been brought against the state defendant in her personal capacity, it should be dismissed because Mr. Medina has alleged no wrongdoing by the defendant.

To the extent the Complaint could be read and understood, Mr. Medina, without any substantiation of any wrong that Ms. Gentile did against him, stated as follows:

"Defendant failure to their warranty and to replaid, repaired or reimburse apainst plaintiff caused a monetary loss, cost, expenses, and a months of time, the plaintiff request for reimbursement and for jury tialt in this case." See Small Claims # No.05-SC-0122. Exhibit C.

---

[2]Prior to this actions, Mr. Medina had filed numerous other incomprehensible and conclusory actions, reflecting frivolous attributes similar to those adumbrated in the present action. Due to their unintelligibility and frivolous natures, several of these actions have been dismissed instantly. Indeed, due to their attributes, several justices have instructed Mr. Medina to abstain from filing any similar actions except with the approval of the Regional Administrative Justice (see Order Concerning Complaints Filed by Daniel Medina, Middlesex Superior Court, CA No. 97-1826, April 22, 1997, Botsford, J.,) (copy is attached); Order of the Court, Norfolk, SS Unfiled cases, Crastley L, May 1, 2002 (copy is attached) (Exhibit B).

## ARGUMENT

I. **THE DEFENDANT IS ABSOLUTELY IMMUNE FROM CLAIMS ARISING OUT OF THE PERFORMANCE OF HER OFFICIAL DUTIES.**

Mr. Medina filed his action in the Small Claims Court against Ms. Gentile. See Complaint Nos. No.05-SC-0122. To the extent Mr. Medina may contend that the action is brought against the state defendant in her capacity as the Assistant Clerk-Magistrate of Hampden Superior Court, the action is barred by the Doctrine of Judicial immunity. It is axiomatic that any judicial officer, including officers clerks, acting within the scope of their duties, are absolutely immune from such litigation. See Temple v. Marlborough Div. of the District Court, 395 Mass. 117, 129-32 (1985) ("doctrine insulates the judge from liability for acts committed in the exercise of his jurisdiction"), citing Pierson v. Ray, 386 U.S. 549, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 357 (1978), other citations omitted. The immunity is from suit and not just from ultimate assessment of damages. Fabre v. Walton, 436 Mass. 517, 521 (2002) ([t]he "entitlement is an immunity from suit rather than a mere defense to liability; and . . . it is effectively lost if a case is permitted to go to trial") (emphasis added), citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "The right to immunity to suit would be lost forever" if litigation proceeds until its conclusion. Braun v. Dartmouth, 428 Mass. 684, 688 (1999). The immunity is vitiated only where the judge or judicial officer acts in a non-judicial context, or in a clear absence of authority. Mirales v. Waco, 502 U.S. 9, 11 (1991); Pierson, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly.") Here, Mr. Medina's abstract assertions have failed to plead that the state defendant acted in an unofficial capacity. See Cok v. Sosentino, 876 F.2d 1 (1st Cir.1989). Accordingly, to the extent

3

his complaint may be treated as against the state defendant as an Assistant Clerk, it is barred by the Doctrine of Judicial Immunity and must, therefore, be dismissed.

## II. THE COURT SHOULD DISMISS PLAINTIFF'S ACTION FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

Under G.L. c. 258, the Commonwealth's Tort Claims Act, individual public employees are not liable "for any injury or loss of property . . . caused by [their] negligent or wrongful act or omission while acting within the scope of [their] office or employment." G.L. c. 258, § 2. The exclusive remedy for such a loss or injury is a suit against the relevant "public employer" not the individual public employee. Id. See also Breault v. Chairman of Bd. of Fire Comm'rs, 513 N.E. 2d. 1277, 1283 (1987) (The MTCA "absolved public employees from liability for their negligent acts performed within the scope of official duties"), cert denied, 485 U.S. 906 (1988).

### A.   This Court Lacks Subject Matter Jurisdiction.

Pursuant to Mass. R. Civ. P. 12(b)(1) and G.L. c. 258, the Court should dismiss the action on at least two jurisdictional grounds: (1) Mr. Medina has failed to effect presentment as required by G.L. c. 258, §§ 4 & 5, and (2) he brought his actions in the wrong court.

#### 1.   Mr. Medina Has Failed to Meet The Presentment Requirement.

Section 4 of G.L. c. 258 provides that "a civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer." See Kinan v. Trial Court, 400 Mass. 582 (1987) (presentment of claims against clerk of District Court under c. 258, § 4, is properly made to the Chief Justice for Administration and Management of the Trial Court). The purpose of this requirement is to ensure that the responsible public official receives

4

notice of the claim so that s/he can investigate to determine whether or not the claim has any basis, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to avoid similar claims in the future. See Yun Ku v. Town of Framingham, 53 Mass. App. Ct. 727 (2002); Martin v. Commonwealth, 53 Mass. App. Ct. 526 (2002); McAllister v. Boston Housing Authority, 429 Mass. 300 (1999); Tivnan v. R.M.V., 50 Mass. App. Ct. 96 (2000).

The presentment requirement is a condition precedent to filing an action, and the statutory prescriptions for it must be rigidly met. Krasnow v. Allen, 29 Mass. App. Ct. 562 (1990) (presentment requirement under the Tort Claims Act is a condition precedent to bringing a suit), rev. denied, 409 Mass. 1102. Antonio v. City of Peabody, 51 Mass. App. Ct. 655 (2001) (presentment of negligence claim upon director of city's council on aging, a public agency of the city, did not suffice as presentment upon the city; director was without authority to compromise or settle claims on behalf of the city); Richardson v. Dailey, 424 Mass. 258 (1997) (letter to city clerk's office relating to pretrial detainee's suicide in holding cell did not satisfy the presentment requirement of the Tort Claims Act where letter discussed only actions of the Commonwealth employees in failing to prevent suicide and did not mention any claim against city); G & B Associates, Inc. v. City of Springfield, 39 Mass. App. Ct. 51 (1995) (in actions brought under the Tort Claims Act, if claimant fails to make proper presentment of his or her claim prior to bringing action, complaint is subject to dismissal for failure to state a claim upon which relief can be granted). Thus, even constructive presentment is insufficient. Berube v. City of Northampton, 413 Mass. 635 (1992) (presentment requirement of Tort Claims Act may not be satisfied by constructive notice; actual presentment to designated executive officer is required);

5

Robinson v. Commonwealth, 32 Mass. App. Ct. 6 (1992) (constructive notice is not sufficient to meet presentment requirement for claim under Massachusetts Tort Claims Act), rev. denied, 412 Mass. 1101; Baptiste v. Sheriff of Bristol County, 35 Mass. App. Ct. 119 (1993) (failure of administratrix of prisoner's estate asserting civil rights claim against sheriff to properly present her negligence claims to the county precluded recovery, even though presentment letter directed to sheriff was relayed to sheriff's department attorney, who allegedly also represented county commissioners); Pickett v. Commonwealth, 33 Mass. App. Ct. 645 (1992) (even if inmate's federal complaint sets forth claim of negligence against state agencies, it was insufficient for presentment under the Massachusetts Tort Claims Act; language of the Act, in requiring presentment of claim in writing, did not envision filing of complaint but rather it invited written notice of claim, which government may investigate and decide to acknowledge before commencement of legal combat), rev. denied. 414 Mass. 1103. Accordingly, an action filed in the Court would be dismissed even if no prejudice is caused by the failure to effect proper presentment. Robinson v. Commonwealth, 32 Mass. App. Ct. 6 (1992) (it is irrelevant that the defendant may not have suffered any prejudice by reason of lack of actual notice), rev. den. 412 Mass. 1101.

Here, Mr. Medina has failed to make any presentment regarding his actions. Specifically, the designated authority, the Chief Justice for Administration and Management of the Trial Court, has not received any presentment regarding Mr. Medina's action. (See Affidavit of Ann Archer). This clearly is fatal to his actions because it runs counter to the basic rationale and tenets of the statute, viz., the need to afford the designated authority the opportunity to investigate claims to ensure that they are neither invalid nor inflated. Accordingly, Mr. Medina's premature

6

action should be dismissed on this jurisdictional ground too.

        2.        <u>Mr. Medina Has Failed to Bring His Actions In the Right Court.</u>

This Court lacks jurisdiction over small claims actions against the Commonwealth and its officials and must accordingly dismiss the action on that ground as well. Specifically, only the Superior Court is authorized to hear and determine claims under the Tort Claims Act. See G.L. c. 258, § 3; <u>Erickson v. Manca</u>, 1992 Mass. App. Div. 199 (District Court Department lacks subject matter jurisdiction over civil actions brought against public employer; all small claims against city and its employees acting in the course of their employment must be brought to the Superior Court); <u>James v. Boston Housing Authority</u>, 1988 Mass. App. Div. 30 (District Court lacks requisite subject matter jurisdiction to entertain and resolve a Massachusetts Tort Claims Act case); <u>Alexander v. City of Boston</u>, 1993 Mass. App. Div. 117 (Appellate Division of Municipal Court lacked subject matter jurisdiction over tort action brought against public employer); <u>Spencer v. City of Worcester</u>, 1984 Mass. App. Div. 116, 117-118; <u>Keel v. Cambridge Housing Auth.</u> 1987 Mass. App. Div. 171, 172.

It is settled that when one court is accorded exclusive original jurisdiction over an action, no other court may exercise "any power or authority to hear" such action. <u>Humphrey v. Berkshire Woollen Company</u>, 92 Mass. 420, 421 (1865); Nolan, <u>Massachusetts Practice Series,</u> Civil Practice, Vol. 9, § 106 at p. 149 (1992 2nd ed.) (stating that if a court "has not been given original jurisdiction over a particular type of proceeding," that court lacks the "power or authority to decide the case, and any decision rendered is void.") Here, Mr. Medina filed his Complaint in the Housingt Court, a Court which lacks jurisdiction over the action. Thus, the Complaint should be dismissed for this reason also.

7

B.     Mr. Medina Has Failed to State A Claim

Even if Mr. Medina's action were treated as an action brought against the state defendant in her personal capacity, it should still fail. Not only is the complaint insufficient for any purpose, but, in addition to its lack of clarity and specificity, it totally fails to allege any wrongdoing on the part of the defendant. See Mass. R. Civ. P. 12(b)(6). Cf.Eyal v. Helen Broadcasting Corp. 411. Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief," Nader v. Citron, 372 Mass. 96, 98 (1977). See also Epstein v. Seigel, 396 Mass. 278, 279 (1985). (We look exclusively at the . . . complaint to determine whether it states "a claim upon which relief can be granted." Mass. R. Civ. P. 12(b)(6). . . . A motion to dismiss under Rule 12(b)(6) is an appropriate vehicle for raising such a defense).Cf. Gloros v. Perse, 628 F. 2d 679, 684 (1st Cir. 1980) (although pro-se complaints are read liberally, even pro se plaintiffs must plead specific facts to back their claims).

## CONCLUSION

For any and all of the foregoing reasons, the Court should dismiss Mr. Medina's action.

Respectfully submitted,

LAURA GENTILE,
Assistant Clerk of the Hampden Superior Court

By her attorney,

Date: April 26, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney
Office of the Chief Administrative Justice
Two Center Plaza, Room 540
Boston, MA 02108

(617) 878-0207